**Rotisha LANE, Plaintiff,**

v.

**Emanuel B. SHULMAN, individually and in his official capacity as a police officer for the Town of Guilderland; Kenneth Fish, individually and in his official capacity as a police officer for the Town of Guilderland and Curtis Cox, individually and in his official capacity as a police officer for the Town of Guilderland, Defendants.**

**No. 97–CV–0700 (LEK/DRH).**

United States District Court, N.D. New York.

Nov. 18, 1999.

Mark S. Mishler, Walter, Thayer Law Firm, Albany, NY, for plaintiff.

Kenneth G. Varley, Donohue, Sabo Law Firm, Albany, NY, for defendants.

## ORDER

KAHN, District Judge.

Defendant's motion for summary judgement with respect to Defendant Kenneth Fish is granted in all respects and all actions against said Defendant is herewith dismissed without opposition by Plaintiff Rotisha Lane.

Defendant's motion for summary judgement as to Plaintiff's fourth cause of action asserting a malicious prosecution claim is herewith dismissed without opposition by Plaintiff.

Plaintiff's third cause of action based on alleged violation by defendant of Plaintiff's 14th amendment right to be free of racial discrimination is herewith dismissed. In support of this claim of selected enforcement based upon race, Plaintiff has offered the affidavit of her mother, Yvonne Lane. While this court does not doubt Plaintiff and her mother's sincere belief that this incident may have been racially motivated, there is still no factual basis to support such allegations. The perceptions of both Plaintiff and her mother are certainly understandable in light of what appeared to be an unjust situation to them, but this court must adhere to the established legal criteria set forth by the Second Circuit. Plaintiff failed to establish selective prosecution and there is no factual basis for finding Plaintiff was selectively treated when compared to other similarly situated persons. Further, even if said selective treatment existed, there is no evidence to establish that it was motivated by an intention to discriminate on the basis of an impermissible racial consideration. This court cannot simply presume that the arresting officers' attitudes were racially biased without a basis in fact for such a conclusion. Accordingly, this third cause of action must be dismissed.

Finally defendant's motion seeking summary judgement as to Plaintiff's fourth cause of action is likewise granted and Plaintiff's fourth cause of action is dismissed in it's entirety on the merits. Again, there is simply no factual basis to establish a prima facie case that defendants violated Plaintiff's rights by depriving her liberty without probable cause. Plaintiff has failed to sustain her burden to establish a prima facie as to the alleged deprivation of liberty as a result of the prosecution and favorable termination of said prosecution. Accordingly, this fourth claim must also be dismissed as against all defendants.

Accordingly, it is hereby

**ORDERED** that Defendant's motion for summary judgment is **GRANTED** and Plaintiff's complaint against defendant Kenneth Fish is **DISMISSED** in its entirety;

**ORDERED** that Plaintiff's third and fourth causes of action are **DISMISSED** against all defendants; and it is

**FURTHER ORDERED** that the clerk serve a copy of this order on all parties by regular mail.

**IT IS SO ORDERED.**